UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KIMBERLY DUNN,<br><br>Plaintiff,<br><br>vs.<br><br>BATES TECHINCAL COLLEGE and LIN ZHOU,<br><br>Defendants. | NO.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **RACIAL DISCRIMINATION AND HARASSMENT UNDER TITLE VII OF THE 1964 CIVIL RIGHTS ACT, AS AMENDED**<br>2. **RACIAL DISCRIMINATION AND HARASSMENT UNDER RCW 49.60**<br>3. **NEGLIGENT SUPERVISION AND NEGLIGENT RETENTION**<br>4. **WRONGFUL DISCHARGE**<br>**DEMAND FOR JURY TRIAL** |

COMES NOW the above-named Plaintiff KIMBERLY DUNN, by and through her attorneys, The Law Offices of Vicky J Currie, hereby allege the following:

### NATURE OF THE CASE

1. Plaintiff allege this case involves discrimination based on race and racial harassment by employees, staff and faculty of defendants BATES TECHNICAL COLLEGE and LIN ZHOU..

2. Plaintiff further alleges the defendants BATES TECHNICAL COLLEGE violated Federal

COMPLAINT FOR DAMAGES - 1

and state whistle blower and retaliation statutes.

3. Plaintiff further alleges that the DEFENDANT BATES TECHNICAL COLLEGE violated Federal and Washington State Law in regard to Negligent Supervision and Retention.

4. Plaintiffs assert claims under state and federal anti-discrimination and civil rights laws.

5. Plaintiffs seek, *inter alia*, compensatory damages for emotional distress and lost wages. Plaintiffs also seek punitive damages based on the Defendants' intentional conduct, including a continuous pattern and practice of racial discrimination.

## JURISDICTION AND VENUE

6. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 based upon a federal question under the laws of the United States. Specifically, this Court has jurisdiction over Plaintiff's claims under 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

7. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367(a) and 42 U.S.C. § 1398 for state claims alleged herein.

8. All or a substantial portion of the unlawful acts alleged herein took place in Pierce County, Washington and within this judicial district.

9. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2); and 42 U.S.C. § 2000e-5(f)(3).

## STATUTORY PREREQUISITES

Plaintiffs filed their Washington Human Rights (WHRC) charge against Defendant BATES TECHNICAL COLLEGE on  8-15-2018  .

The WHRC investigated Plaintiff's EEOC charges and forwarded the two charges to the EEOC for a Right to Sue letter.

COMPLAINT FOR DAMAGES - 2

Vicky J. Currie
732 Pacific Ave
Tacoma, Washington 98402
Telephone (253) 588-1955
Fax (253) 983-1545

On 7-29-2021, the EEOC issued a Notice of Right to Sue for the Plaintiff. Plaintiffs filed this action within 90 days of his receipt of the notice of Right to Sue letter.

## PARTIES

Plaintiff was an employee of the Defendant BATES TECHNICAL COLLEGE, from approximately October 2017 to June 2020. She is of African American descent.

At all times materials hereto, Plaintiff was and are persons entitled to protection under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; Washington's Law Against Discrimination, RCW § 49.60.010 *et seq.*; 42 U.S.C. § 1981; and the common law of the State of Washington.

Defendant BATES TECHNICAL COLLEGE. is a for-profit corporation organized under the laws of the State of Washington. On information and belief, Defendant BATES TECHNICAL COLLEGE. does business in Pierce County, Washington.

Defendant BATES TECHNICAL COLLEGE. has at all relevant times been an employer as defined by 42 U.S.C. § 2000e(b), in that it employs fifteen (15) or more persons in each of twenty (20) or more calendar weeks in the current or preceding year, and an employer under R.C.W. 49.60.040, in that it employs eight (8) or more persons

Plaintiff is informed and believe, and based thereon allege that at all times mentioned herein Defendants aided, encouraged and incited others, including Defendants and employees of Defendant BATES TECHNICAL COLLEGE to engage in acts of discrimination against the Plaintiff.

On information and belief, Defendant LIN ZHOU resides in Western Washington, within this judicial district.

Defendant LIN ZHOU is now, and has been at all times relevant to this action, an employee

COMPLAINT FOR DAMAGES - 3

Vicky J. Currie
732 Pacific Ave
Tacoma, Washington 98402
Telephone (253) 588-1955
Fax (253) 983-1545

of Defendant BATES TECHNICAL COLLEGE..

Defendant LIN ZHOU is now, and has been at all times relevant to this action, an employee of Defendant BATES TECHNICAL COLLEGE acted as President.

Defendant BATES TECHNICAL COLLEGE, the corporations and business entities comprising said group as alleged above, and Defendant LIN ZHOU, are hereinafter collectively referred to as "Defendants." Unless specified otherwise, whenever this Complaint refers to "Defendant" or "Defendants," such allegation shall be deemed to mean the acts of Defendants acting individually, jointly and/or severally as so designated.

Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein, each of the Defendants were the agents, servants and employees, co-venturers and co-conspirators of each of the remaining Defendants, and was acting within the course, scope, and purpose of his or his employment with the consent, knowledge, ratification and authorization of such agency, employment, joint venture and conspiracy.

## ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION

Plaintiff alleges the following:

In October of 2017, Plaintiff was hired as a full-time employee with BATES TECHNICAL COLLEGE as faculty member in a tenure track position within the Child Studies Department.

Shortly after being hired, the plaintiff became aware that faculty head Karen Patjens communicated to staff members that she did not know why she was working there.

The staff at BATES TECHNICAL COLLEGE created a hostile work environment by keeping close tabs on the plaintiff though they had no authority to do so. On August 13, 2018 the plaintiff discovered a chronological record which document times when she was alleged to be

COMPLAINT FOR DAMAGES - 4

Vicky J. Currie
732 Pacific Ave
Tacoma, Washington 98402
Telephone (253) 588-1955
Fax (253) 983-1545.

late to meetings sitting on the office printer.

In another instance, Amy Mackey and Karen Patjens both contacted Shelby Mellum, the director of Wee Care Learning, which is one of the BATES TECHNICAL COLLEGE affiliated sites, to ask about her performance. This was in direct breach of protocol.

In another effort to gain negative information about the plaintiff, Amy Mackey contacted another person outside of the prescribed evaluation process. Ms. Mackey did this through a June 18, 2018 email that questioned (1) Does the instructor schedule monthly visits and shares/parent education? (2) Does the instructor arrive on time for monthly visits and shares/parent education?

On October 24, 2019, the plaintiff missed a work conference due to a physical illness. The plaintiff provided a doctor's note to her supervisor, Tiffany Williams, Dean of Bates South Campus. On February 24, 2020 the plaintiff received a written reprimand for the October 24, 2019 absence.

In July 2018, Cyndy Morris and Amy Mackey came to the plaintiff's office to discuss her performance. They claimed that the plaintiff had several negative comments about her abilities. The plaintiff was shocked because she had received positive feedback in June from Sandy Manthou who stated the plaintiff was doing well in her position. The plaintiff requested proof of the negative comments by requesting copies of the student input forms. Cyndy Morris and Amy Mackey refused to present the forms to the plaintiff. Throughout the discussion Cyndy Morris and Amy Mackey stood over our plaintiff who was seated at her desk with stern faces, reprimanding the plaintiff without providing any proof.

On many occasions other staff members such as Cyndy Morris, Amy Mackey, Joan Rapkoch, Sandy Manthou, and Diana Stone; would show hostility and disrespect to the plaintiff. In addition, they continued to question the plaintiff's whereabouts, question her actions, and speak

COMPLAINT FOR DAMAGES - 5

ill of her to other faculty. Sandy Manthou would often come to the plaintiff's office to check her calendar posted outside the door. When the plaintiff questioned why a fellow faculty member was checking her calendar. Sandy Manthou replied, " Oh Kimberly I was just checking to see if you were back in your office now". The plaintiff was faced with to continuous attempts to question her work ethic in front of five or more faculty members. This became routine behavior for two long-term staff members Sandy Manthou and Cyndy Morris. Because of the defendant's actions, the plaintiff felt as if she was a young child who had to be constantly supervised. The actions of the defendant cause our client extreme emotional distress, sleepless nights and overall anxiety.

Christine Nelson, Human Resources Executive Director had previously informed the plaintiff that faculty members should not be keeping track of other faculty members. The actions of the defendant were in direct violation of its their own policies. The plaintiff is the only African American Woman in the faculty and other similar white faculty were not subjected to the same treatment.

On March 9, 2020, BATES TECHNICAL COLLEGE informed the Plaintiff that her contract would not be renewed beyond June 2020, constituting an unfair Tenure Process.

While employed at BATES TECHNICAL COLLEGE the plaintiff was unquestionably subjected to verbal, behavioral and environmental indignities. Excessive scrutinization and defamation of character by certain faculty members directly and drastically affected the plaintiff's employment with BATES TECHNICAL COLLEGE.

During the course of working as a child department studies department faculty member, the Plaintiff discovered that department had not been properly calculating and reporting its enrollment for (FTE) Full Time Equivalent reimbursements. Briefly explained, FTE

COMPLAINT FOR DAMAGES - 6

Vicky J. Currie
732 Pacific Ave
Tacoma, Washington 98402
Telephone (253) 588-1955
Fax (253) 983-1545

reimbursement describes the money that BTC gets paid by the state from or through an entity called the State Board of Community Technical Colleges (SBCTC.) These reimbursements should be fairly distributed based upon credit hours completed as measured in " Full Time Equivalent" units of student registration. The Plaintiff alleges that BATES TECHNICAL COLLEGE was reporting more students than it actually enrolled in order to receive more money.

The Plaintiff informed Al Griswold a former Bates Administrator stating that she could not participate in providing credits in an ungraded course for students that she had never taught because it was unsettling to her moral compass. She felt genuinely concerned that this form of fraud, dishonestly reporting teacher/student real contact hours, compromises the professionalism of childcare.

The Plaintiff also reported the issue to Blake Ingram and Brandon Rogers. Mr. Ingram informed the Plaintiff that if she filed a formal complaint that she should be prepared to lose her job.

On January 8, 2018, at a child studies department meeting, the Plaintiff reported the issue to senior faculty John Rapkoch, Cindy Morris, Amy Mackey, Sandy Manthou, Diana Stone, Karen Patjens, Karen Ford, Lisa Meier, and Christina Aubel. Because no action was taken, in August of 2019 the Petitioner filed a state whistleblower complaint to the State Auditor's Office against Bates Technical College. The Plaintiff hoped that this would trigger change and the defendants would cease the habit of reporting more full-time students that were actually enrolled. Instead, the defendants retaliated for her whistleblower complaint by denying her Tenure.

Subsequently, on March 9, 2020, BATES TECHNICAL COLLEGE informed the Plaintiff that her contract would not be renewed beyond June 2020.

COMPLAINT FOR DAMAGES - 7

**FIRST CAUSE OF ACTION**
**DISCRIMINATION AND HARASSMENT BECAUSE OF RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**
**42 U.S.C. § 2000e *ET SEQ.***

Plaintiff realleges the foregoing paragraphs with the same force and effect and incorporates the same as though fully set forth herein.

1. Defendants BATES TECHNICAL COLLEGE and their employees subjected Plaintiffs to disparate, different, and worse treatment than similarly-situated non-African American employees of the Defendants, as referenced above, because of his race.

2. The above-referenced discrimination and harassment happened because of race, were unwelcome to Plaintiff, and were sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment, constituting a hostile work environment.

3. Employees of Defendant BATES TECHNICAL COLLEGE and Defendant LIN ZHOU, each had direct or chain of command supervisory authority over Plaintiffs, and participated in and/or created the above-referenced hostile work environment.

4. Defendants BATES TECHNICAL COLLEGE and LIN ZHOU had actual, constructive, and or imputed notice and knowledge of the above-referenced discrimination and harassment but failed to take prompt and effective remedial action reasonably calculated to stop the discrimination and harassment and prevent its future occurrence.

5. As a direct and proximate result of the discrimination and hostile work environment referred to above, Plaintiff has suffered and will continue to suffer damages including, but not limited to, loss of job opportunities, earnings and employment benefits, as well as physical, emotional, and mental distress.

COMPLAINT FOR DAMAGES - 8

Vicky J. Currie
732 Pacific Ave
Tacoma, Washington 98402
Telephone (253) 588-1955
Fax (253) 983-1545

## SECOND CAUSE OF ACTION
## RACE DISCRIMINATION AND RACIAL HARASSMENT
## IN VIOLATION OF THE WASHINGTON LAW AGAINST DISCRIMINATION,
### RCW Chapter 49.60
### (Against all Defendants)

Plaintiff realleges the foregoing paragraphs with the same force and effect and incorporates the same as though fully set forth herein.

6.  Plaintiff alleges that in violation of RCW Chapter 49.60, Plaintiffs race and/or opposition activity, separately and/or in combination, was a substantial factor in the above-referenced adverse and tangible employment actions and hostile work environment.

7.  As a direct and proximate result of the discrimination, retaliation, harassment, and hostile work environment referred to above, Plaintiff has suffered and will continue to suffer damages including, but not limited to, loss of job opportunities, earnings and employment benefits, as well as physical, emotional, and mental distress.

## THIRD CAUSE OF ACTION
## NEGLIGENT RETENTION AND SUPERVISION

Plaintiff re-alleges the foregoing paragraphs and incorporate them herein by this reference as if fully set forth herein.

8.  As her employer, Defendants BATES TECHNICAL COLLEGE owed and breached duties to Plaintiff including, but not limited to: 1) the duty not to employ or retain employees whom it knows or should know to be unfit or dangerous, 2) the duty to exercise care appropriate to the circumstances in supervising and/or retaining employees, 3) the duty to exercise due diligence to determine whether an employee is or has become unfit or dangerous.

9.  Defendants BATES TECHNICAL COLLEGE failed to exercise care appropriate to the circumstances in retaining its employees who subjected Plaintiff to racial harassment.

COMPLAINT FOR DAMAGES - 9

Vicky J. Currie
732 Pacific Ave
Tacoma, Washington 98402
Telephone (253) 588-1955
Fax (253) 983-1545

10. Defendants BATES TECHNICAL COLLEGE had actual, constructive and/or imputed notice and knowledge of the unfitness of white employees who have subjected Plaintiff to repeated racial harassment.

11. Such notice and knowledge made foreseeable the injuries these white employees inflicted upon the Plaintiff.

12. Despite such notice and knowledge, Defendants failed to exercise ordinary care to discipline the white employees.

13. At all times materials herein, Defendants BATES TECHNICAL COLLEGE had the power, ability, authority, and duty to so intervene, monitor, review, evaluate, control, regulate, discipline, restrict, and/or penalize the conduct of themselves, their agents, and employees.

14. Despite said knowledge, power, and duty, Defendants BATES TECHNICAL COLLEGE negligently failed to act so as to prevent, supervise, monitor, review, evaluate, control, regulate, discipline, and/or penalize such conduct, acts, and failures to act or to otherwise protect Plaintiff.

15. Plaintiff is informed and believes, and based thereon allege, that BATES TECHNICAL COLLEGE is legally responsible in some manner for the events, incidents, and happenings described herein, and caused injury and damage to Plaintiff.

16. As a direct and proximate result of the failure of Defendants BATES TECHNICAL COLLEGE to protect Plaintiff and to adequately monitor, review, evaluate, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act by Defendant themselves, their agents, and employees, as alleged herein, said conduct, acts, and failures to act were perceived by said Defendant, its agent, and employees as, and in fact had the effect of,

COMPLAINT FOR DAMAGES - 10

Vicky J. Currie
732 Pacific Ave
Tacoma, Washington 98402
Telephone (253) 588-1955
Fax (253) 983-1545

ratifying, encouraging, condoning, exacerbating, increasing, and/or worsening said conduct, acts, and failures to act, thereby causing reasonably foreseeable injury.

17. Defendants BATES TECHNICAL COLLEGE are responsible for the acts of their employees alleged herein.

18. Defendants BATES TECHNICAL COLLEGE failure to exercise ordinary care breached the above-referenced duties of care, proximately causing the injury and damages to Plaintiff referenced herein.

19. As a direct and proximate result of Defendants BATES TECHNICAL COLLEGE breach of the duties owed to Plaintiff, Plaintiff suffered substantial emotional injuries in an amount to be proven at trial.

20. As a further direct and proximate result of Defendants BATES TECHNICAL COLLEGE actions and omissions, Plaintiff has suffered and will continue to suffer mental anguish and severe emotional distress.

## FOURTH CAUSE OF ACTION
## WRONGFUL DISCHARGE

21. Plaintiff re-alleges the foregoing paragraphs and incorporate them herein by this reference as if fully set forth herein.

22. "An employee discharged for whistleblowing has a statutory claim for wrongful discharge. Gardner, 128 Wn.2d at 937. The Legislature established this tort when it enacted the Washington Industrial Safety and Health Act (WISHA):

An employee discharged for whistleblowing has a statutory claim for wrongful discharge. "Young v. Ferrellgas, L.P., 106Wn. App. 524, 528 (2001) citing Gardner v. Loomis Armored, Inc. 128 Wn.2d 931, 937 (1996).

COMPLAINT FOR DAMAGES - 11

Vicky J. Currie
732 Pacific Ave
Tacoma, Washington 98402
Telephone (253) 588-1955
Fax (253) 983-1545

23. The complaint filed by the Plaintiff in August of 2019 to the State Auditors Office against Bates Technical College constitute whistleblowing.

24. The Plaintiff's whistleblowing was a substantial factor in BATES TECHNICAL COLLEGES decision to terminate her given the proximity in time to filing the complaint and her termination.

. BATES TECHNICAL COLLEGES termination of the Plaintiff has caused damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against all Defendants as available under law and as follows:

1. General damages for emotional distress in an amount to be proven at the time of trial.
2. Special damages for medical treatment, including psychological counseling, if appropriate.
3. Actual damages under RCW 49.60, *et seq*.
4. Lost wages/back pay in an amount to be proven at the time of trial.
5. Prejudgment interest in an amount to be proven at the time of trial.
6. Lost fringe benefits in an amount to be proven at the time of trial.
7. Punitive damages in an amount to be proven at the time of trial.
8. Reasonable attorney's fees and costs of suit.
9. For whatever further and additional relief the court shall deem to be just and equitable.

COMPLAINT FOR DAMAGES - 12

Vicky J. Currie
732 Pacific Ave
Tacoma, Washington 98402
Telephone (253) 588-1955
Fax (253) 983-1545

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

DATED this 13th day of August 2021.

                                                         Law Offices of VICKY J CURRIE

                                   By: _____
                                            VICKY J CURRIE., WSBA #24192
                                            Attorneys for Plaintiff

COMPLAINT FOR DAMAGES - 13